UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JOHN PARIS,

      Plaintiff,        Case No: 13-11301

vs.                 HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING IN PART
AND REJECTING IN PART REPORT AND
RECOMMENDATION (Doc. 10), GRANTING IN PART
AND REJECTING IN PART PLAINTIFF'S OBJECTIONS (Doc. 11),
DENYING THE COMMISSIONER'S MOTION TO DISMISS (Doc. 7),
<u>AND REMANDING CASE TO THE MAGISTRATE JUDGE</u>**

**I.  INTRODUCTION**

   This is a Social Security case.  Plaintiff Andrew John Paris (Paris) appeals the final decision of the Commissioner of Social Security (Commissioner) denying his application for disability and disability insurance benefits.  The Commissioner filed a motion to dismiss (Doc. 7) on the grounds that Paris's complaint is untimely.  The motion was referred to a magistrate judge (MJ) for a report and recommendation (MJRR).  The MJ recommends that the motion be granted and this case dismissed.  *See* (Doc. 10).  Paris filed timely objections to the MJRR (Doc. 11).[1]  For the reasons that follow, the Court will adopt in part and reject in part the MJRR, grant in part and overrule in part Paris's objections, and deny the Commissioner's motion to dismiss.

---

[1] Paris also says his objections are in effect a motion for reconsideration.  Procedurally, the Court treats Paris's filing as objections to the MJRR.

## II. BACKGROUND

Paris filed for Social Security disability and disability insurance benefits on January 7, 2010, alleging a disability onset date of September 10, 2009. The Commissioner denied the claim on June 25, 2010. Plaintiff requested a hearing before an administrative law judge (ALJ). On September 9, 2011, the ALJ denied Paris's claim, finding that he is not disabled. The Appeals Council declined Paris's request for review in a letter dated January 11, 2013. This case was filed on March 25, 2013.

The Commissioner filed a motion to dismiss arguing that Paris's complaint was not timely filed. 42 U.S.C. § 405(g) (Judicial review) provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

There is a rebuttable presumption that a claimant receives the notice five days after it is dated, unless the claimant can show that he or she did not receive the notice within the five day period. 20 C.F.R. § 404.901. *See also* 20 C.F.R. § 422.210(c) ("For purposes of this section, the date of receipt of notice . . . by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").

Here, because the Appeals Council's notice was dated January 11, 2013, Paris is presumed to have received it on January 16, 2013. Therefore, he was required to file this action by March 17, 2013 to be timely. However, he did not file the complaint until March 25, 2013. The MJRR found this fatal to Paris's claim. The MJRR reasons that the complaint was untimely, and that Paris has not made a showing of equitable tolling of the limitations period.

Paris makes the following objections, each of which were argued in his opposition to the Commissioner's motion to dismiss, considered by the MJRR and ultimately rejected:

- Paris says that he did not receive the Appeals Council's notice until January 19 or 22, 2013, when he received a letter dated January 18, 2013 from his lawyer explaining that the Appeals Council declined to review his claim. Paris argues that the sixty day period did not begin to run when his lawyer received the notice from the Appeals Council, but began when he received it from his lawyer. Therefore, he argues that his complaint was timely filed because he also gets the benefit of Fed. R. Civ. P. 5 and 6, which allows for three (3) days to be added to the limitations period for electronic filing.

- To the extent that the complaint was untimely, Paris says that he is entitled to equitable tolling because there are multiple exceptional circumstances that caused the late filing of the complaint. First, Paris's lawyer's father was ill in the hospital. Second, Paris had three different lawyers since his claim was initially filed on January 7, 2010. Finally, Paris's current lawyer had never filed a federal action prior to the filing of this action.

### III. STANDARD OF REVIEW

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is

jurisdictional. *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985); *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1987).

### IV. ANALYSIS

The MJRR correctly observed that the complaint was untimely. The notice from the Appeals Council sent to Paris's lawyer on January 11, 2013 had the same effect as Paris receiving it directly. 20 C.F.R. § 404.1715(b). Therefore, Paris was presumed to have received the notice on January 16, 2013, five days after the notice is dated. Paris's complaint was untimely filed on March 25, 2013, eight days too late. As such, Paris's objections arguing that the complaint was timely filed are not well taken.

However, the MJRR erroneously concluded that equitable tolling does not apply to allow Paris's complaint to be filed eight days late. Paris's objections that the MJRR erred in concluding that equitable tolling was inapplicable are convincing.

As the Sixth Circuit has explained, "[t]he 60-day limit for seeking judicial review of an adverse Social–Security–benefits determination is 'not jurisdictional but a period of limitations.'" *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (citing *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994)). The following factors are considered when determining the appropriateness of tolling:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* at 437 (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). In effect, "[o]nly in cases where equity favors extending the filing period should the courts extend the time allowed for commencing a civil action." *White v. Comm'r of Soc. Sec.*, 83 F. App'x 70,

72 (6th Cir. 2003) (citing *Bowen v. City of New York*, 476 U.S. 467, 480–81 (1986)).

In *Cook*, the Sixth Circuit concluded that equitable tolling did not apply to allow the claimant's one-day-late complaint to be filed past the limitations period. The Sixth Circuit reasoned that, "[a]lthough allowing [the claimant] to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437.

This case is unlike *Cook*. Here, Paris has relied on three different lawyers since filing his claim for benefits. Although Paris had constructive knowledge of the filing deadline when his prior lawyer received the notice from the Appeals Council, he says he did not actually learn of the filing deadline until his prior lawyer mailed him a letter dated January 18, 2013. *See* (Doc. 11-2 at 1, Jan. 18, 2013 Letter). It appears that Paris has diligently acted on his rights after this, hiring a new lawyer–the third lawyer–and filing the complaint.

In addition, during the sixty day period, Paris's current lawyer's father was ill and eventually hospitalized at St. John Providence in early March 2013. The medical records show that the lawyer's father was admitted to the hospital on March 3, 2013 and discharged March 6, 2013 into assisted living. (Doc. 8-1 at 4, Clinical Discharge Summary). Paris says that his lawyer's father's illness continued through March 2013. Paris cannot be at fault for what occurred to his lawyer's father. He retained a lawyer to pursue his appeal and events transpired beyond his control that prevented the complaint from being timely filed.

Also beyond Paris's control and through no fault of his own, Paris's current lawyer

explained in her affidavit that this is her first federal court case. Therefore, time was spent in getting admitted to practice before the federal bar, registering and training in the e-filing requirements. In addition, Paris's lawyer attempted to file the complaint the day before it was actually filed (on Sunday), which still would have been late, but she ran into electronic filing issues and had to wait until the following day, Monday, to file the complaint.

The Supreme Court has explained that the fairness concerns underlying the regulations allowing extensions for claimants to file complaints in federal court apply in the application of the equitable tolling analysis. As the Supreme Court stated, the Social Security Administration's

> regulations governing extensions of time for filing are based on considerations of fairness to claimants. Thus, the Secretary may grant an extension where a suit was not timely filed because of illness, accident, destruction of records, or mistake. Similarly, an extension may be granted where the claimant misunderstands the appeal process or is unable timely to collect necessary information, or where the Secretary undertook action that "misled" the claimant concerning his right to review. 20 C.F.R. §§ 404.911, 416.1411 (1985). The fairness concerns underlying the regulations support our application of equitable tolling in this case.

*Bowen*, 476 U.S. at 480 n.12. Like *Bowen*, the fairness concerns in the Social Security Administration's regulations support the Court's application of equitable tolling in this case.

In sum, when considering the totality of the circumstances, equitable tolling applies to allow Paris's complaint to be filed after the limitations period. *See, e.g.*, *Brenner v. Comm'r of Soc. Sec.*, No. 11-13888, 2012 WL 3030736 (E.D. Mich. July 25, 2012) (where this Court found that equitable tolling applied to a complaint filed one day late because plaintiff had attempted to file the complaint the day before); *Brown v. Comm'r of Soc. Sec.*, No. 4:12-cv-80, 2013 WL 1759566, at *2 (E.D. Tenn. March 29, 2013) (finding that "Plaintiff's counsel was reasonably diligent in pursuing the case, as the complaint was

mailed before the expiration of the limitations period, and it is unlikely that the Commissioner is prejudiced by the fact that the complaint was filed a few days late."); *Mays v. Comm'r of Soc. Sec.*, No. 1:08cv871, 2010 WL 749727 (S.D. Ohio March 1, 2010) (finding equitable tolling applicable where plaintiff received two notices and filed his complaint six weeks late). Through no fault of Paris, the complaint was filed eight days late, a period of time that does not cause prejudice to the Commissioner given the circumstances. The Court is cognizant that allowing late complaints to be filed can "create havoc in the system," see *Cook*, *supra*. The Court is also aware that Paris could have asked the Commissioner for an extension of time to file his complaint for "good cause." 20 C.F.R. § 422.210(c). However, for the reasons explained above, equity favors extending the limitations period in this individual action.

## V. CONCLUSION

For the reasons stated above, the MJRR (Doc. 10) is REJECTED IN PART and ADOPTED IN PART; Paris's objections (Doc. 11) are GRANTED IN PART and OVERRULED IN PART; the Commissioner's motion to dismiss (Doc. 7) is DENIED; and this case is REMANDED to the MJ for further proceedings.

SO ORDERED.

      s/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: December 13, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 13, 2013, by electronic and/or ordinary mail.

      s/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160