**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDREW JOHN PARIS,

    Plaintiff,                                     CIVIL ACTION NO. 13-11301

  v.                                     DISTRICT JUDGE AVERN COHN
                                         MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**I.    RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity to return to his past light work as a vocational instructor.

**II.    REPORT**

    **A.    Introduction and Procedural History**

Plaintiff filed an application for Social Security disability insurance benefits on January 7, 2010, alleging that he had become disabled and unable to work on September 10, 2009, at age 63, due to diabetes mellitus, sleep apnea, hypertension, coronary artery disease, obesity and asthma. Benefits were initially denied by the Social Security Administration.

A requested de novo hearing was held on June 21, 2011, before Administrative Law Judge (ALJ) Anthony Smereka. The ALJ found that the claimant retained the residual functional capacity to return to his past light work as a vocational instructor.  This work did not require him to  drive, crawl or climb ladders, ropes or scaffolds.  The Appeals Council declined to review that decision[1] and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment, and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record[2].

Plaintiff was 64 years old at the time of the administrative hearing (TR 107). He had been graduated from college, earned a Master's degree in Industrial technology, and had been employed during the relevant past as a vocational instructor at Focus Hope.  Claimant taught students drafting and automobile design until September 2009, when he was laid off due to a decline in enrollment (TR 107-109).   Plaintiff collected unemployment until benefits

---

[1] Where, as here, the Appeals Council denies review, the ALJ's decision stands as the final decision of the Commissioner.  20 C.F.R. § 404.981.  Judicial review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standard in reaching his decision. Warner v. Commissioner., 375 F.3d 387, 390 (6th Cir. 2004); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997).  Therefore, the medical evidence submitted by Plaintiff to the Appeals Council (TR 8-9) was not considered by the undersigned.  The evidence presented to the Appeals Council does not warrant a remand for further administrative consideration because Plaintiff has failed to show that good cause existed for failing to incorporate such evidence into the record in a prior proceeding.

[2] Plaintiff asserts that his due process rights were violated by the SSA because the agency caused a "delay of 5 years" in adjudicating his case. As discussed in the procedural history above, the SSA addressed claimant 's request for disability benefits at several administrative levels after he applied for DIB in January 2010. Plaintiff does not identify any timeliness requirements the agency violated. The fact that Plaintiff  was not successful at any stage in the administrative process does not mean that the agency caused a delay.

expired. He admitted that he would have returned to teaching at Focus Hope upon request (TR 109).

Plaintiff testified that he had diabetes and was insulin-dependent since 2001 (TR 120). He said he had diabetic retinopathy, and was unable to read small print or drive at night (TR 121). Plaintiff stated that he could only walk for ten minutes before needing to sit down. He had to wear slippers due to diabetic neuropathy (TR 122-23). Claimant stated that he needed to regularly elevate his legs to alleviate the neuropathy (TR 131-32). After experiencing fatigue and shortness of breath due to the blockage of a coronary artery, Plaintiff underwent successful heart surgery to remove the occlusion (TR 125). Following the procedure, claimant felt much better and began breathing normally (TR 126). Plaintiff testified that, during the day, he performed on-line banking, went out for walks, and enjoyed such hobbies as building furniture, making jewelry boxes and constructing model ships (TR 132, 135-36).

A Vocational Expert, Melody Henry, classified Plaintiff's past work as light, skilled activity (TR 146). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[3] (TR 149-151). If claimant was capable of light work, however, he could return to his past work as a vocational instructor (TR 147). This job did not require driving, crawling or the climbing of ladders, ropes or scaffolds. There would be only occasional need to balance, stoop, kneel, crouch (TR 146-47).

---

[3]The witness opined that, if claimant needed to elevate his leg higher than a foot stool, or required unscheduled breaks lasting longer than 20 percent of the day, all work activity would be precluded (TR 150-151).

3

**B.     ALJ's Findings**

The Administrative Law Judge found that Plaintiff was impaired as result of diabetes mellitus, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments[4]. The ALJ recognized that claimant's diabetes limited him to jobs that did not require driving, crawling or the climbing of ladders, ropes and scaffolds. Nevertheless, he found that the claimant retained the residual functional capacity to perform his past light work as a vocational instructor (TR 25-32).

**C.     Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of

---

[4] Contrary to Plaintiff's assertion, he has not demonstrated that his diabetes met or equaled section 9.00 of the Listing of Impairments, pertaining to endocrine disorders. Claimant failed to demonstrate, with corroborative medical evidence found in the record, to carry his burden that his diabetes was of sufficient severity to automatically qualify for benefits. Listing 9.00 does not contain independent criteria, but rather references seven other Listings, each with its own requirements. In his brief in support of Summary Judgment, Plaintiff fails to discuss which criteria he satisfied, or provide reasons for why they were met. Consequently, this argument must be rejected as lacking merit.

credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

### D. Discussion and Analysis

After review of the record, I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity to return to his past light work as vocational instructor. The medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from his diabetic neuropathy.

A long time treating physician, Dr. Alla Sakharova, reported in May and July 2010, that claimant's struggle to control his diabetes was improving (TR 744-45, 754). Plaintiff reportedly could walk for up to an hour every day, and was swimming twice a week (TR 747, 757). During both visits, physical examinations were otherwise normal, except for reduced vibration sensation in the legs (TR 751-52, 761-62). The treating doctor stated in January 2011, and again three months later, that claimant continued to exercise regularly by

swimming or walking three times a week for 30 minutes at a time (TR 954, 969). Clinical examinations remained normal (TR 956-958, 971-972). While claimant's blood pressure was elevated, his diabetic condition reportedly had improved (TR 973).

Other examining physicians of record also disclosed that Plaintiff's diabetes remained manageable. Dr. David De Guzman reported in January 2010, that claimant worked on boats and swam for exercise two to three times a week (TR 828). A physical examination was essentially normal with grossly intact arm and leg sensation and full strength (TR 829). Dr. Steven Timmis indicated in March 2010, that claimant was able to walk and swim without significant problems. While daily chores seemed to produce dyspnea, Plaintiff's leg edema had improved (TR 555). Three months later, Dr. McMaster stated that claimant "continue[d] to deny significant symptoms of neuropathy" (TR 816).

A consultative examination at the request of the Commissioner similarly demonstrated that claimant's diabetic neuropathy would not interfere with his ability to return to his past light work as a vocational instructor. Dr. Bina Shaw examined Plaintiff in May 2010, and found no disabling functional limitations (TR 472-74). In a residual functional capacity evaluation, the consulting physician opined that Plaintiff could work up to six hours a day in a sit-down position doing non-cognitive work. He could intermittently walk and stand, but had to avoid heights and machinery. Dr. Shaw believed that claimant could lift up to 10 pounds (TR 473).

Plaintiff relies heavily upon the fact that Drs Koch and Sakharova both stated in April 2011, that he would require unscheduled breaks, need to elevate his legs, and would miss

6

several days of work every month (TR 940, 944). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Drs. Sakharova and Koch offered little objective evidence to support their respective statements of disability[5], their opinion need not have been given any special weight . Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

---

[5]The ALJ rejected the doctors' disability opinion, setting forth persuasive reasons for doing so (TR 30-31). The ALJ expressed concern about the lack of medical documentation to support their statements. As the ALJ noted, some of the limitations described by Dr. Koch had no obvious connection to Plaintiff's conditions. For example, Dr. Koch opined that claimant had significant limitations in repetitive reaching, handling and fingering, and could only handle low-stress work (TR 943-944). However, claimant never complained of symptoms in those areas (TR. 944). Consequently, the ALJ reasonably discounted Dr. Koch's opinion. Moreover, Dr. Sakharova's treatment notes regularly indicated that Plaintiff had few, if any, abnormalities on examination (TR 389, 742-743, 751-752, 761-762, 971-972). Dr. Sakharova also stated that Plaintiff had no history of diabetic neuropathy (TR 385, 748). Indeed, two days before opining that claimant had extreme limitations, Dr. Sakharova found no abnormalities on examination, and described Plaintiff's neuropathy as "mild" (TR 937-940, 954, 956-958). This suggested to the ALJ that the disability statements from both doctors in April 2011, were prepared for the sole purpose of helping the claimant qualify for benefits. Indeed, it appears the doctors' opinion was primarily based on Plaintiff's subjective complaints, rather than the objective medical evidence. Finally, the ALJ reasonably rejected the assessment from Mr. Fuller, a vocational consultant, who reviewed medical records and interviewed Plaintiff (TR 945-948). Vocational consultants are not "acceptable medical sources" as defined at 20 C.F.R. § 404.1513(a), and consequently their opinions are not "medical opinions" pursuant to 20 C.F.R. § 404.1527(a)(2).

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

Given the lack of objective clinical evidence of total disability, the Law Judge could reasonably find that Plaintiff's impairments did not prevent him from returning to his past light work as a vocational instructor where he would not have to drive, crawl or climb of ladders, ropes and scaffolds [6]. There was medical evidence on both sides and, having examined it, I cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms were not fully credible.

---

[6] The Sixth Circuit has ruled that a claimant can be denied benefits if he remains capable of returning to his former type of work even if he cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The ALJ asked the Vocational Expert a hypothetical question regarding what work could be performed by a person with Plaintiff's vocational profile who was limited to light work with restrictions including: standing or walking six hours per day; sitting six hours per day; no driving, crawling, or climbing ladders, ropes, or scaffolds; and occasional balancing, stooping, kneeling, crouching, and climbing ramps and stairs (TR 146-47). The VE testified that such a person could perform claimant's past work as a vocational instructor, as that job is typically performed (TR 147).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                                           s/ Charles E Binder
                                                                           CHARLES E. BINDER
Dated: December 1, 2014                         United States Magistrate Judge